# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William J.,**
**Petitioner Below, Petitioner**

**vs)   No. 17-0230** (Preston County 17-C-05)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**May 18, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William J.,[1] pro se, appeals the February 21, 2017, order of the Circuit Court of Preston County dismissing his petition for writ of habeas corpus. Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Complex, by counsel Gordon L. Mowen, II, filed a summary response in support of the circuit court's order.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At approximately 3:00 a.m. on January 11, 1988, petitioner and his brother took his brother's twelve-year-old sister-in-law from her home to a remote location in Preston County and sexually assaulted her. Once the brothers returned the victim to her residence, she immediately informed her stepfather and identified petitioner and his brother as the perpetrators. The victim's stepfather reported the crimes to the police and took the victim to the hospital. The doctor who examined the victim found many bruises and lacerations which were consistent with the victim's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The warden at Mt. Olive Correctional Complex has changed and the acting warden now is Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

account of kidnapping and sexual assault. The doctor further found trauma to the victim's vagina and anus and detected three recent tears to her hymen. Both the victim and the doctor testified at petitioner's trial.

Petitioner was convicted of one count of kidnapping, one count of aiding and abetting first-degree sexual abuse, three counts of aiding and abetting first-degree sexual assault, and one count of first-degree sexual assault. The circuit court sentenced petitioner to a life term of incarceration, with the possibility of parole, plus an additional sixty-one to 105 years of incarceration. Petitioner sought review of his convictions before this Court which refused his appeal on January 9, 1990.

Since the refusal of his criminal appeal, petitioner has filed five petitions for writ of habeas corpus. In his first petition, petitioner set forth twenty-three grounds for habeas relief. However, following this Court's decision in *In the Matter of an Investigation of the West Virginia State Police Crime Laboratory, Serology Division* ("*Zain I*"), 190 W.Va. 321, 438 S.E.2d 501 (1993), petitioner initiated a *Zain* habeas proceeding by filing an application in this Court. This Court granted the application and remanded the *Zain* habeas case to the circuit court for further proceedings.

The circuit court denied the *Zain* habeas petition first. In an August 24, 1995, opinion letter, the circuit court found that, while discredited serologist Fred Zain performed tests on various items of physical evidence in petitioner's case, Mr. Zain's testimony "was not critical to the State's case." The circuit court found that the evidence was sufficient to sustain petitioner's convictions without Mr. Zain's testimony and that his testimony did not have any prejudicial effect on the jury given that "[t]he State's case was extremely strong."[3] First, the victim knew petitioner

---

[3]In syllabus point 2 of *Zain I*, this Court held that, "[a]lthough it is a violation of due process for the State to convict a defendant based on false evidence, such conviction will not be set aside unless it is shown that the false evidence had a material effect on the jury verdict." 190 W.Va. at 322, 438 S.E.2d at 502. In syllabus point 3 of *Zain I*, this Court further held:

> "Where improper evidence of a non[-]constitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury." Syllabus Point 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980).

(Continued . . .)

and identified him at trial. Second, the facts proving force and sexual contact "were shown by the victim, her family (describing the immediate reporting), and the doctor." Accordingly, the circuit court denied the *Zain* habeas petition by order entered November 29, 1995.

The circuit court denied petitioner's non-*Zain* habeas petition on February 26, 1997. Following the denial of relief in the first two habeas cases, petitioner filed his third and fourth petitions claiming that separate attorneys were ineffective in each of the prior proceedings. The circuit court denied the third and fourth habeas petitions on December 10, 2010. Petitioner appealed the December 10, 2010, order in *[William J.] v. Ballard* ("*William J. I*"), No. 11-0209, 2012 WL 5869967 (W.Va. November 19, 2012) (memorandum decision). On appeal, this Court affirmed the circuit court's determination that the issues previously raised in the *Zain* petition and the non-*Zain* petition "were barred by the doctrine of res judicata or have been waived." *Id.* at *1. However, because the circuit court inadvertently failed to make findings regarding petitioner's claim that his attorney in his non-*Zain* proceeding ("non-*Zain* counsel") was ineffective, this Court remanded the case so that such findings could be made. *Id.* at *2. In an August 7, 2013, order, the circuit court determined that petitioner's non-*Zain* counsel did not provide ineffective assistance. Accordingly, this Court affirmed the August 7, 2013, denial of habeas relief in *[William J.] v. Ballard* ("*William J. II*"), No. 12-1006 (no Westlaw citation available) (W.Va. September 19, 2014) (memorandum decision).

Petitioner filed a fifth habeas petition on January 5, 2017. In this petition, petitioner conceded that he was raising issues previously found to have been barred by the doctrine of res judicata. However, petitioner re-raised the barred claims, arguing that the circuit court failed to fully adjudicate his claim that the attorney in the *Zain* habeas proceeding ("*Zain* counsel") provided ineffective assistance. Petitioner argued that he could file a successive habeas petition based on newly discovered evidence and a favorable change in the law that could be retroactively applied to his case. By order entered February 21, 2017, the circuit court rejected petitioner's arguments and found that "the grounds raised by [p]etitioner are all *Zain* issues and have been fully and finally litigated and decided in prior habeas corpus hearings." Accordingly, the circuit court dismissed the petition.

Petitioner appealed the circuit court's February 21, 2017, dismissal order and, on March 31, 2017, filed a motion for appointment of appellate counsel. By order entered April 5, 2017, this Court ruled that petitioner's motion would be considered with the merits of his appeal.

We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

*Id.*

law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point 4 of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the circuit court erred in finding that the instant petition is barred by the doctrine of res judicata. Respondent counters that the dismissal of the petition should be affirmed. We agree with respondent.

Petitioner contends that he may pursue a successive habeas petition because, in a November 15, 2007, order, the circuit court found that the performance of his *Zain* counsel was deficient "in failing to review raw data from the crime lab, failing to submit the data for independent review, and failing DNA testing." However, the circuit court remedied any prejudice that petitioner suffered as a result of *Zain* counsel's deficient performance by granting permission for post-conviction DNA testing. We find that the circuit court's ruling was in accordance with syllabus point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), in which we held:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.[4]

Given that the DNA testing was never carried out, petitioner contends that the circuit court failed to fully adjudicate his claim that *Zain* counsel was ineffective. We find that the record belies this contention. In its February 21, 2017, order, dismissing the instant habeas petition, the circuit court noted that there were "numerous delays" in arranging the testing. Moreover, petitioner acknowledges that his case was included in the ASCLD report that was part of the investigation in *Zain I*.[5] *See* 190 W.Va. at 333, 438 S.E.2d at 513 (noting that, like the ASCLD report, a 1992 audit found improprieties "in every case . . . in which [Mr.] Zain had been involved"). Consequently, at

---

[4]The second prong of the *Strickland/Miller* standard is often referred to as the prejudice prong. *See State v. Hutton*, 235 W.Va. 724, 739, 776 S.E.2d 621, 636 (2015).

[5]ASCLD is the abbreviation of the American Society of Crime Laboratory Directors.

a October 15, 2010, hearing, petitioner withdrew his request for DNA testing and his attorney introduced the relevant page of the ASCLD report into evidence. Therefore, we conclude that the claim that *Zain* counsel was deficient in failing to have appropriate tests performed was previously and finally adjudicated or waived and does not come under the first exception of syllabus point 4 of *Losh* to permit a successive petition.[6]

With regard to the second exception of syllabus point 4 of *Losh*, petitioner argues that (1) the State suppressed the existence of a 1985 internal West Virginia State Police investigation regarding Mr. Zain's competence as a serologist; and (2) that he discovered only in December of 2016 that there was an evidentiary basis for claiming that Mr. Zain's testimony regarding hair comparison analysis was unreliable. We note that petitioner did not need an evidentiary basis to challenge Mr. Zain's testimony because we found all testimony by Mr. Zain unreliable as a matter of law in *Zain I*. *See* 190 W.Va. at 326, 438 S.E.2d at 506. Also, in making this finding, we adopted the recommendations of Judge Holliday who discussed the 1985 internal state police investigation in his report, attached as an appendix to our *Zain I* decision. *Id.* at 328-41, 438 S.E.2d at 508-21. Furthermore, we find that petitioner previously raised both of these claims in his fourth habeas petition filed on November 5, 2007.[7] Though petitioner contends that he never received a substantive ruling on either claim, in *William J. I*, we rejected his argument that the circuit court erred in denying his fourth habeas petition based on the doctrine of res judicata. 2012 WL 5869967, at *1. Our decision in *William J. I* constituted a final decision on the merits pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure. *See In Re: T.O.*, 238 W.Va. 455, 464, 796 S.E.2d 564, 573 (2017) (finding that a memorandum decision is an adjudication on the merits); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014) (same). Therefore, based on our review of the record, we conclude that these claims were previously and finally adjudicated and are not based on any newly discovered evidence.

Finally, we concur with the circuit court's finding that "the grounds raised by [p]etitioner are all *Zain* issues and have been fully and finally litigated and decided in prior habeas corpus hearings." We note that a petitioner is not entitled to "attack upon attack, and *habeas corpus* upon *habeas corpus*." *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975); *see White v. Haines*, 215 W.Va. 698, 705 n.9, 601 S.E.2d 18, 25 n.9 (2004) (affirming denial of prisoner's second habeas petition, finding that it "is difficult to muster any sound reasoning for giving [him] another bite at the apple"). Therefore, we conclude that the circuit court did not abuse its discretion

---

[6]Petitioner argues that this claim also comes under the third exception of syllabus point 4 of *Losh* because we recently reiterated in *Chambers v. Ballard*, No. 14-0020, 2014 WL 1686823, at *2 (W.Va. April 28, 2014) (memorandum decision), that "[f]actually-supported allegations of ineffective assistance of habeas counsel constitute an exception" to the doctrine of res judicata. However, we find that our statement in *Chambers* is not a favorable change in the law that may be applied retroactively because it is simply a restatement of the holding of syllabus point 4 of *Losh*. *See Id.* (citing 166 W.Va. at 762-63, 277 S.E.2d at 608).

[7]We take judicial notice of petitioner's fourth habeas petition filed in Case No. 07-C-256.

in dismissing the instant habeas petition.

For the foregoing reasons, we affirm the circuit court's February 21, 2017, order dismissing the instant petition for writ of habeas corpus.[8]

Affirmed.

**ISSUED**:   May 18, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[8]Given our affirmation of the circuit court's dismissal of the petition, we deny petitioner's motion for appointment of appellate counsel.